UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NATIONAL GENERAL INSURANCE COMPANY,

        Plaintiff,

v.

JERMAINE PIERCE, et al.,

        Defendants.

2:10-CV-2059 JCM-GWF

**ORDER**

Presently before the court is plaintiff National General Insurance Company's (hereinafter "NGIC") motion for summary judgment (doc. #12). Defendant Jermaine Pierce opposed the motion (doc. #14) and filed a cross-motion for summary judgment (doc. #15). Plaintiff replied to the opposition (doc. #16) and opposed defendant's cross-motion (doc. #17). The defendant filed a reply to the plaintiff's opposition (doc. #18).

In plaintiff NGIC's motion for summary judgment (doc. #12), it is seeking declaratory judgment that it is not liable to defendant Pierce for uninsured motorist[1] coverage arising from an accident that took place on February 2, 2010. On this day, Pierce was struck by a drunk driver while driving a 2007 Roketa motorcycle in North Las Vegas, Nevada. He suffered extensive injuries and is now permanently disabled. His medical bill from the hospital alone is $195,204. The drunk driver

---

[1] Uninsured motor vehicle means a land motor vehicle or trailer not insured by a bodily injury liability bond or policy at the time of the accident. It does not include any vehicle or equipment owned or operated by a self-insurer under any applicable motor vehicle law. *See* Doc. #18-1.

**James C. Mahan**
**U.S. District Judge**

had only $25,000 in liability insurance which was paid to Pierce.

Only a few weeks prior to the accident, Pierce came to Las Vegas from Detroit, Michigan, to get a "fresh start" and to seek employment. During this time, Pierce made arrangements to live with his cousin George Wofford for a few months until he became employed, "back on his feet," and could get his own place. Wofford has four vehicles insured with the plaintiff for $50,000 each, for a total of $200,000. On the day of the accident, defendant Pierce was driving his own vehicle, which was neither registered nor insured prior to the accident. Subsequently, defendant Pierce made a claim for uninsured motorist coverage benefits under Wofford's policy, which was denied by the plaintiff. In the defendant's cross-motion for summary judgment (doc. #15), he is seeking judgment against the plaintiff for $200,000, based upon Wofford's four policies.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56©. The moving party bears the burden of presenting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (articulating the standard for authentication of evidence on a motion for summary judgment).

I.   **Wofford's Insurance Policy and Amendments**

The first issue is whether the insurance policy itself, together with its two amendments, extends uninsured motorist coverage to family members, and hence, to Pierce. An insurance policy may be considered a contract of adhesion, and as such, should be construed to provide the coverage which a layperson would have reasonably expected, given a lay interpretation of the policy language. *Allstate Ins. v. Shelton*, 105 F.3d 514, 516 (9th Cir. 1997). Furthermore, the Supreme Court of Nevada has construed the language of the insurance contract against the drafter, or insurance company, in favor of promoting coverage. *See Hartford Ins. Group v. Winkler*, 508 P.2d 8, 11 (Nev. 1973).

"A policy of insurance is to be construed liberally in favor of the insured and strictly against

the insurer." *Id.* (citation omitted). The policy of the rule is that the insured usually has no choice in the selection or "means employed in drafting insurance contracts, and that because these contracts are drawn and selected with great care and deliberation by expert legal advisers either employed by or acting exclusively in the interest of the insurance company, any ambiguity or uncertainty therein is the fault of the insurer." *Id.* (citation omitted). However, the court will not rewrite contract provisions that are otherwise unambiguous. *See United National Ins. Co. v. Frontier Ins. Co., Inc.*, 120 Nev. 678, 684 (Nev. 2004) (stating that language of an insurance policy will be given its plain and ordinary meaning and the court will not rewrite contract provisions that are otherwise unambiguous).

Here, the original insurance agreement states in its "Uninsured Motorists Coverage" section ("Part C") that "insured" means "you or any family member," as well as "any other person occupying your covered vehicle." (Doc. #18-1). However, this reference to "family member" was deleted in the August 1, 2001, amendment: "any reference to the term family member under part C is deleted" (doc. #18-2). Also, "you" was redefined as "the named insured shown in the declarations." Then on April 1, 2005, the policy was amended again by deleting paragraph B of part C. However, the amendment also included a reference to "family members" in part F of its "exclusion section" (doc. #18-3), which the defendant suggests is ambiguous in light of the second amendment. The defendant argues that because "family member" is included in the exclusion section of the policy, this creates an inference to mean that family members are also included under the revised uninsured coverage.

The court declines to read the insurance contract this broadly. To be entitled to uninsured benefits under the insurance policy, a person must be an "insured." Furthermore, pursuant to the 2001 amendment, only the named insured and/or any person occupying the named insured's covered automobile is entitled to seek uninsured benefits. Unlike what the defendant suggests, the April 2005 amendment did not delete the amended definition of "insured." Therefore the definition of "insured" as set forth within the 2001 amendment is still intact and does not include family members.

Lastly, the 2005 amendment states that the insurance company will pay damages: "which an *insured* is legally entitled to recover from the owner or operator of an uninsured motor vehicle

because of bodily injury 1) sustained by an *insured*; and 2) caused by an auto accident." It also states in its exclusions section, that "we do not provide uninsured motorists coverage for 'bodily injury' sustained by any 'family member' while 'occupying', or when struck by any motor vehicle 'you' own which is insured for this coverage on a primary basis under any other policy.'"

This language emphasizes the already established fact that no "family member" is an insured entitled to coverage. It does not create an ambiguous inference that somehow suggests "family members" are meant to be included. Here, the defendant was not the named insured, nor was he occupying Wofford's vehicle during the time of the accident. Therefore, under the policy, the defendant is not entitled to uninsured coverage. *See State ex rel. Masto v. Second Judicial Dist. Court of State,* 199 P. 3d 828, 838 (Nev. 2009) (stating a contract is only ambiguous when it is subject to more than one reasonable interpretation).

Accordingly,

IT IS FURTHER ORDERED that plaintiff National General Insurance Company's motion for summary judgment (doc. #12) be, and the same hereby is, GRANTED.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Jermaine Pierce's cross-motion for summary judgment (doc. #15) be, and the same hereby is DENIED.

DATED July 22, 2011.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -